Common Pleas Court of Hamilton County.

CITY OF CINCINNATI V. JAMES M. MARSHALL ET AL.

Decided June 23, 1931.

*John C. McCarthy* and *John M. Ryan,* for the motion.
*John D. Ellis,* city solicitor, and *John J. O'Donnell,* assistant city solicitor, *contra.*

RYAN, J.

This proceeding was instituted by the city of Cincinnati against James Marshall and others for the appropriation of property alleged to be needed by the city for the improvement of Columbia avenue. The attorneys filing this motion, representing Hugh McKiernan, Margaret McKiernan, Albert Freyer and Nathaniel Cullen, parties defendant, obtained a temporary restraining order under a separ-

ate action instituted by them restraining the city from proceeding with the appropriation of their property. After the issuance of the restraining order the city abandoned the apropriation of the premises of the above named defendants, and negotiated and concluded settlements with the other defendants named in said action, and on December 1, 1930, caused a dismissal of the appropriation proceeding to be entered at the costs of the plaintiff, representing to the court that the parties to this action have since the filing of the application, reached an agreement as to the compensation for the property described in the application.

On February 10, 1931, counsel for the above named defendants filed a motion for the re-taxing of the costs and for an allowance of attorneys' fees, basing their claim to such compensation on General Code, Section 3697 and Section 11060.

Section 3697, General Code provides as follows:

"When a municipal corporation makes an appropriation of property, and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its right to make such appropriation on the terms of the assessment so made shall cease and determine, and lands so appropriated shall be relieved from all incumbrance on account of any of the proceedings in such case, and the judgment or order of the court directing such assessment to be paid shall cease to be of any effect, except as to the costs adjudged against the corporation. Upon motion of any defendant, such costs may be re-taxed, and a reasonable attorney's fee paid to the attorney of such defendant, which, together with any other proper expenses incurred by the defendant, may be included in the costs."

The provisions of Section 11060, General Code are as follows:

"The corporation may abandon any case or proceeding after paying into court the amount of defendants costs, expenses, and attorneys fees as found by the court. If the corporation fails in any case to make payment or deposit, as provided in the next preceding section, within thirty days after confirmation of the verdict, on motion of the party entitled to such payment, to be filed within

ten days after the expiration of such thirty days, the judge shall enter an order directing the corporation to make such payment or deposit within thirty days after the date of the order. Unless such corporation, within such time, makes such payment or deposit, it shall be held thereby to have abandoned the property, rights or interests so appropriated, and all claims thereon under its proceeding, and the judge shall issue an order to that effect. He also shall enter a judgment against the corporation, and in favor of the party entitled to such payment, for such amount of expenses, including time spent and attorney fees, incurred by him in the proceeding, as, upon the evidence offered in that behalf, the court deems just, for which execution may be issued against the corporation. The directors of the corporation, shall be individually liable upon such judgment, and may be made parties thereto by action."

Section 3697, General Code, which relates to municipal corporations, makes no provision for the abandonment of an appropriation proceeding prior to judgment.

Section 11060, General Code, governing the abandonment of appropriation proceedings, and upon which counsel rely, relates solely to private or *quasi* public corporations as is indicated by the provisions of Section 11091, General Code, which provides as follows:

"The provisions of this chapter shall not apply to proceedings by state, county, township, district, or municipal authorities, to appropriate private property for public uses, or for roads or ditches. In all such cases it shall be optional with such authorities to pay the judgment rendered against them, or to pay the costs and decline to take the property sought to be appropriated."

In view of the above and on authority of the opinion of the Court of Appeals rendered in case No. 268, entitled *Village of Pleasant Ridge* v. *O'Meara*, reported in the Cincinnati Court Index of May 18, 1915, this court is of the opinion that there is no authority in law for the allowance of a fee to the attorneys for the defendant in an appropriation proceeding instituted by a municipality and voluntarily dismissed by the plaintiff before trial.

Wherefore, the motion to re-tax costs and for allowance for attorneys' fees, will be overruled.